LATHROP et al. v. ELLSWORTH et al.

(Supreme Court, General Term, Fifth Department. October, 1891.)

MONEY HAD AND RECEIVED—COMPLAINT.

Defendants, T. & Co., who had a contract with a railroad company to build 40 miles of the railroad, subcontracted 5 miles of the road to defendant B., and B. subcontracted 1 mile to plaintiffs. On the completion of the work, plaintiffs were paid the contract price by B. according to the estimates of the railroad engineer. Afterwards plaintiffs employed another engineer to make estimates, which largely exceeded those of the railroad engineer. Plaintiffs sued on such estimates, alleging that the amount due them from B. for work done in excess of that shown by the estimates of the railroad engineer was upwards of $10,000, and that the railroad company, for the purpose of paying the amount due for such work, delivered to T. & Co. the sum of $12,000, of which sum $10,611 belonged to plaintiffs by reason of the performance of the work; and plaintiffs sued for the $10,611 as money had

and received. *Held*, that the complaint was insufficient, as it did not show the money was paid to T. & Co., or was received by them for the purpose of paying plaintiffs.

Appeal from special term, Monroe county.

Action by Edward F. Lathrop and Harry E. Lathrop against Henry M. Ellsworth, John Luther, John J. Blake, and another. From a judgment entered on the findings and decision of the court plaintiffs appeal.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*M. H. Peck, Jr.*, for appellants.    *A. S. Kendall*, for respondents.

DWIGHT, P. J.   The defendants Ellsworth and Luther are the surviving partners of the firm of G. H. Thompson & Co., who, in 1882, together with one Austin Lathrop, had a contract with the Jersey Shore, Pine Creek & Buffalo Railway Company to build 40 miles of its railroad.   In May, 1882, they subcontracted 5 of the 40 miles, being sections 53 to 57, inclusive, of said road, to the defendants Blake; and in June of the same year the Blakes subcontracted 1 mile of the 5, being section 57, to the plaintiffs.   The plaintiffs completed the work on their section in December, 1882, and were paid by the Blakes in full, at the prices named in their contract, for all the work done by them, as estimated by the engineer of the railroad company.   In the following summer the plaintiffs caused other estimates to be made, by a civil engineer employed by them, of the work done on section 57, which estimates were in excess of those made by the engineer of the railroad company, upon which the plaintiffs had been paid.   In their complaint the plaintiffs allege that the amount due to them from the Blakes for the work done by them, as shown by the later estimates, in excess of that estimated by the railroad engineer, and for which they had been paid, was upwards of $10,000; and they allege that the railroad company, in 1883, "for the purpose of paying, or having paid, the amount due for such excavation, work, and labor, so done and performed as aforesaid, on section 57 of said railroad, and for no other purpose, delivered to said Henry M. Ellsworth, as representing the firm of George H. Thompson & Co., the sum of $12,000, or thereabouts, of which sum $10,611.84 belonged to and was the property of these plaintiffs by reason of the performance of the work, labor, and excavation as aforesaid upon said section 57."   It is upon this allegation that the plaintiffs' alleged cause of action, which is for money had and received, is based.   It evidently falls short of the requirements of an allegation for that purpose, in that it does not state that the money was delivered to Thompson & Co. for the purpose of paying the plaintiffs, or was received by them for that purpose.   On the contrary, it is apparent, from previous allegations, that neither the railroad company nor Thompson & Co. had anything to do with paying the plaintiffs for the work done by them.   The plaintiffs' contract was with the Blakes, and Thompson & Co. were under no contract obligation to them.   Thompson & Co. might, indeed, assume such an obligation by receiving money for their use, but the allegation falls short of alleging that they had done so.   It is only to the effect that they had received from the railroad company the pay to which they were entitled for the work done on section 57, and their contract obligation in respect to that work was to the Blakes.

But, even if the allegation of the complaint had been sufficient to charge the survivors of Thompson & Co. for money had and received to the use of the plaintiffs, there is a total failure of proof to sustain such allegation.   The only evidence relating to the receipt of money by Ellsworth for Thompson & Co. is found in the testimony of the plaintiff Lathrop, and is to the effect that, on the trial of an action brought by the plaintiffs against the Blakes, the defendant Ellsworth testified that he had received from $12,000 to $14,000 for work done on section 57, over and above what had been paid to the plaintiffs or to the Blakes.   But here was clearly no testimony or acknowledgment

that the money had been received for the plaintiffs, or that it was money which belonged to or should have been paid to the plaintiffs. So far as appears, it was the profits which Thompson & Co., the original contractors, or Thompson & Co. and the Blakes, had made out of the work on section 57, over and above the amount which, by their contract with the Blakes, the plaintiffs were entitled to receive. The prices at which the plaintiffs and the Blakes, respectively, contracted to do the work, are stated in the complaint, and they show a considerable margin of profit in favor of the Blakes; but the prices at which the railroad company contracted with Thompson & Co. do not appear at all in the case. It seems very apparent that neither the allegations nor the proofs of the plaintiffs were sufficient to charge the defendants with money had and received to and for the use of the plaintiffs. The complaint was therefore properly dismissed, and the judgment appealed from must be affirmed. Judgment affirmed, with costs. All concur.